USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH DANIEL SHAW,

                Plaintiff,

-against-

ROBERT A. MCDONALD,
Secretary of the Department of Veterans Affairs,
DEPARTMENT OF VETERANS AFFAIRS, EMS
CHIEF TERRY VOGT, NURSE MANAGER
EILEEN HUGHES, FOREWOMAN LAVANCHE
THOMAS, ACTING DIRECTOR MARA DAVIS,

                Defendants.

No. 14-cv-5856 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Presently before the Court is a letter from Plaintiff Kenneth Shaw dated January 1, 2016, which is captioned as a "Motion to Oppose, Opinion and Order, also Motion to Amend Complaint, Discrimination Claim." (ECF No. 25.) After reviewing Plaintiff's letter, the Court determines that the letter is best construed as a motion for reconsideration of the Court's December 8, 2015 Opinion and Order dismissing Plaintiff's claims for discrimination and retaliation pursuant to Title VII (ECF No. 23, or the "Motion to Dismiss Opinion"). Familiarity with the Motion to Dismiss Opinion is assumed.

## LEGAL STANDARD

    Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of

exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).  A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press,* No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'").  They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"  *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig,* 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

Plaintiff's motion for reconsideration is untimely, improper, and lacks merit.  As an initial matter, Local Civil Rule 6.3 provides that a notice of motion for reconsideration "shall be served within fourteen (14) days after entry of the Court's determination of the original motion . . . ."  Here, Plaintiff's motion was served <u>ten (10)</u> days after the expiration of the 14-day window—well past the appropriate period to seek reconsideration.  While Plaintiff's untimeliness is more than sufficient grounds for denying the motion for reconsideration, in light of his *pro se* status, the Court will examine the merits of Plaintiff's motion.

Plaintiff's motion presents nothing new for the Court to consider.[1]  First, Plaintiff appears to renew his attack on the sufficiency and findings of the MSPB proceeding.  (ECF No. 25 at 2–4.)  In particular, Plaintiff contends that Mr. Jones never submitted a signed, written statement and that various witnesses lied under oath.  (*Id*.)  These contentions have no bearing on Plaintiff's discrimination and retaliation claims, since the MSPB proceeding occurred *after* the VA made the determination to discipline Plaintiff.  Second, Plaintiff reiterates his argument that he was disciplined in retaliation for filing EEO complaints.  (*Id*. at 4.)  However, the Court considered this exact argument and concluded in the Motion to Dismiss Opinion that Plaintiff failed to establish a causal connection, in large part due to the lengthy time gap between his complaints and the adverse employment decision.  (Motion to Dismiss Opinion at 12.)  Furthermore, to the extent Plaintiff raises "new" facts in an apparent attempt to amend his complaint, Plaintiff's submission is devoid of any facts from which this Court could infer discriminatory motive for Plaintiff's termination, specifically that Plaintiff was terminated because of his race, color, religion, sex, or national origin.  Having failed to point to a change in controlling law, proffer newly discovered evidence in admissible form that would materially alter the Court's prior opinion, or allege clear error or manifest injustice, Plaintiff is not entitled to reconsideration of the Motion to Dismiss Opinion.  The Court concludes that "plaintiff's arguments amount to nothing more than a disagreement between an understandably disappointed litigant and the court."  *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (quotation and citation omitted).

---

[1] Additionally, the Court has examined Plaintiff's letter dated February 1, 2016 (ECF No. 29) and Plaintiff's letter dated February 12, 2016 (ECF No. 30), which contains statements that are either repetitive of Plaintiff's letter of January 1, 2016 (ECF No. 25) or largely irrelevant to the Court's reconsideration of the Motion to Dismiss Opinion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration. The Court respectfully directs the Clerk to terminate the motion at ECF No. 25.

Dated: February 22, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge