USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH DANIEL SHAW,

       Plaintiff,

  -against-

ROBERT A. MCDONALD,
Secretary of the Department of Veterans Affairs,
DEPARTMENT OF VETERANS AFFAIRS, EMS
CHIEF TERRY VOGT, NURSE MANAGER
EILEEN HUGHES, FOREWOMAN LAVANCHE
THOMAS, ACTING DIRECTOR MARA DAVIS,

       Defendants.

No. 14-cv-5856 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

  Presently before the Court is Plaintiff Kenneth Shaw's request to certify for interlocutory appeal two non-final orders of this Court—(1) the Court's December 8, 2015 order dismissing Plaintiff's Title VII claims (the "December 2015 Order"), and (2) the Court's February 22, 2016 order declining to reconsider the December 2015 Order (the "February 2016 Order"). (*See* ECF Nos. 49–50.)[1]  By letter dated August 1, 2016, Defendants submitted an opposition to Plaintiff's motion to certify issues for interlocutory appeal. (ECF No. 57.)  Familiarity with the December 2015 Order and February 2016 Order is presumed.  For the reasons set forth below, the motion for leave to appeal is DENIED.

## STANDARD OF REVIEW

  A court may certify for interlocutory appeal an order that involves (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that

---

[1] By letter dated July 24, 2016, Plaintiff advised the Court that he wished to correct the heading of the motion located at ECF No. 49 from "Motion to Amend and Certify Non-Discrimination and Retailiation [sic] Claims" to "Motion to Amend and Certify Discrimination Claim." (ECF No. 56.)

Copies mailed/faxed 8/5/2016 ___

Chambers of Nelson S. Román, U.S.D.J.

an immediate appeal from which may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  The moving party has the burden of establishing all three elements.  *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005).  The conditions create a significant hurdle to § 1292(b) certification, "since 'the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.'"  *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (citing *Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)).  Even when the statutory criteria are met, "[d]istrict court judges have broad discretion to deny certification."  *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370–71 (S.D.N.Y. 2008) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-cv-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the authority to deny certification, even where the three statutory criteria are met, is "independent" and "unreviewable") (internal citation omitted)).

Moreover, interlocutory appeals are strongly disfavored in federal practice.  *In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010).*  Movants cannot invoke the appellate process "as a vehicle to provide early review of difficult rulings in hard cases."  *In re Levine,* No. 94–44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (internal citations omitted).

For these reasons, and because a basic tenet of federal law is to delay appellate review until a final judgment, § 1292(b) certification should be "rare."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).  Certification should be reserved for "exceptional" cases, for example, where an immediate appeal would avoid protracted litigation.  *Id.* at 865–66.  *See*

*also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529–30 (S.D.N.Y. 2014) *(*quoting *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (Sotomayor, J.) ("[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

## DISCUSSION

Plaintiff seeks to certify for interlocutory appeal *non-final* orders of the Court.[2]  As an initial matter, the Court notes that it explicitly informed Plaintiff of the requirements for certifying issues for interlocutory appeal.  First, in the April 6, 2016 Memorandum and Order, in which the Court granted Plaintiff an extension of time to file a motion for interlocutory appeal, the Court explicitly "reminded [Plaintiff] that in order for this Court to certify his interlocutory appeal, he must establish that the Orders involve: (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation."  (ECF No. 38 at 1-2.)  The Court reminded Plaintiff of these requirements in the July 22, 2016 Memorandum & Order denying Plaintiff's motion for recusal.  (ECF No. 54 at 5.)  Nevertheless, Plaintiff's letter motions in no way address the standard for interlocutory appeal.

The first prong of the interlocutory appeal analysis requires the Court to address whether a controlling question of law exists.  "'In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases.'"  *Glatt v. Fox Searchlight Picture Inc.*, No. 11-

---

[2] The December 2015 Order and February 2016 Order are *non-final* because they did not dismiss Plaintiff's entire action.  Plaintiff has a remaining claim regarding the determination of the Merit Systems Protection Board.

cv-6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001)). "The question of law must be a pure question of law that can be decided quickly and cleanly without detailed study of the record." *In re China Med. Techs., Inc.*, No. 12-13736, 2013 WL 6667789, at *10 (S.D.N.Y. Dec. 17, 2013) (citation omitted). Additionally, the "'legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.'" *Id*. (quoting *In re Fosamax Prods. Liab. Litig.*, 2011 WL 2566074, at *4 (S.D.N.Y. June 29, 2011)). Simply put, "interlocutory appeal is not appropriate where a legal issue is essentially fact based in nature." *Id*. (citation omitted).

Plaintiff appears to challenge the December 2015 Order's dismissal of his Title VII discrimination and retaliation claims. In the December 2015 Order, the Court concluded that, with respect to the discrimination claim, Plaintiff failed to allege sufficiently that his Muslim faith was a motivating factor in the VA's employment termination decision. (ECF No. 23 at 8.) Additionally, with respect to the retaliation claim, the Court concluded that Plaintiff failed to allege sufficiently a causal connection between the protected activity and the adverse employment action. (*Id*. at 12.) Plaintiff has not made any attempt to demonstrate that these issues involve a controlling question of law warranting interlocutory appeal, nor could he.

Case law regarding Title VII discrimination and retaliation claims is well established in this Circuit. With respect to a Title VII discrimination claim, a plaintiff "must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Applying that standard, the Court concluded

4

that Plaintiff had not sufficiently alleged that his religion was a motivating factor in his termination.  With respect to a Title VII retaliation claim, a plaintiff must plead "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotations and citations omitted).  The Court concluded that even if it were to find the Complaint sufficiently alleged protected activity with respect to Plaintiff's EEOC activity, Plaintiff had not sufficiently alleged a causal connection between that activity and his termination one year later.

Plaintiff's challenges to these determinations are not predicated upon the Court's alleged misapplication or misapprehension of the law concerning Title VII claims.  Instead, Plaintiff appears to have used these motions as an opportunity to revive arguments the Court already has considered on several occasions as well as to inject new factual details into his description of the relevant events—neither of which is appropriate on a motion seeking to certify issues for interlocutory appeal.  In particular, the letter motion located at ECF No. 49[3] provides further background on the incident between the patient and him and reasserts that the absence of a sworn statement from the patient renders his termination improper.  Additionally, the letter motion located at ECF No. 50[4] contends that Plaintiff was engaged in protected activity at the time he was accused of threatening a patient and brought before the merit board and challenges the veracity of witness testimony before the merit board.  Aside from Plaintiff's contention that he was engaged in EEOC activity at the time of his termination, these additional facts have no bearing on the dismissed Title VII claims.  More fundamentally, a motion for certification for

---

[3] Plaintiff designates this document as KS37.

[4] Plaintiff designates this document KS38.

5

interlocutory appeal is not the vehicle for rehashing facts allegedly relevant to a plaintiff's claims. Nor is it an opportunity for a disgruntled party to relitigate an issue already decided (twice) by the Court. As Plaintiff has not directed the Court to a controlling question of law as to which there is a substantial ground for difference of an opinion,[5] there is no basis for interlocutory review of the dismissal of Plaintiff's Title VII claims.[6]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to appeal is DENIED.


Dated:   August 5, 2016            SO ORDERED:
         White Plains, New York

                                   _____
                                   NELSON S. ROMÁN
                                   United States District Judge

---

[5] Moreover, Plaintiff's submissions do not even address how an immediate appeal on the dismissal of the Title VII claims would ultimately advance termination of the litigation (the third prong of the §1292(b) analysis). Indeed, given that Plaintiff's non-discrimination claims are still pending, an appeal concerning solely the Title VII claims would *not* advance termination of the litigation.

[6] To the extent Plaintiff seeks to amend the pleadings, such an amendment would be untimely. The December 2015 Order expressly granted Plaintiff 30 days to amend his discrimination claim. (ECF No. 23 at 14.) Plaintiff did not avail himself of the opportunity to amend his pleadings in that time frame, instead electing to pursue a motion for reconsideration, file an appeal, and seek certification of questions for appeal.